1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JESSE SOLIS,                                No.  2:23-cv-00247 DB P

12                    Plaintiff,

13          v.                                     ORDER

14    UNKNOWN,

15                    Defendants.

16

17          Plaintiff, an inmate proceeding pro se and in forma pauperis, seeks relief pursuant to 42

18    U.S.C. § 1983.  Plaintiff claims that defendants failed to provide adequate dental care and took

19    his property without due process.  Before the court is plaintiff's complaint for screening (ECF No.

20    1)  as well as plaintiff's motion to proceed in forma pauperis (ECF No. 2).

21          For the reasons stated below, the complaint will be dismissed with leave to amend.

22    Additionally, plaintiff's motion to proceed in forma pauperis will be granted.

23                               **IN FORMA PAUPERIS**

24          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

25    1915(a).  (ECF No. 2.)  Accordingly, plaintiff's request to proceed in forma pauperis will be

26    granted.

27          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

28    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

1   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

2   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

3   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

4   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

5   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

6   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

7   1915(b)(2).

**SCREENING**

8

9   **I.      Legal Standards**

10          The court is required to screen complaints brought by prisoners seeking relief against a

11   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

12   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

13   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

14   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

15   U.S.C. § 1915A(b)(1) & (2).

16          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

17   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

18   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

19   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

20   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

21   pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

22   the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

23   showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

24   the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.

25   544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

26          However, in order to survive dismissal for failure to state a claim a complaint must

27   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

28   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

2

1   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

2   allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

3   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

4   doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

5          The Civil Rights Act under which this action was filed provides as follows:

6              Every person who, under color of [state law] . . . subjects, or causes
               to be subjected, any citizen of the United States . . . to the deprivation
7              of any rights, privileges, or immunities secured by the Constitution .
               . . shall be liable to the party injured in an action at law, suit in equity,
8              or other proper proceeding for redress.

9   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

10  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

11  <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A

12  person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

13  1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

14  an act which he is legally required to do that causes the deprivation of which complaint is made."

15  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

16         Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

17  their employees under a theory of respondeat superior and, therefore, when a named defendant

18  holds a supervisorial position, the causal link between him and the claimed constitutional

19  violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);

20  <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

21  concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u>

22  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

23  **II.     Linkage Requirement**

24         Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate

25  that each defendant personally participated in the deprivation of his rights.  <u>See</u> <u>Jones v.</u>

26  <u>Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between

27  the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

28  ////

3

1   Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor

2   v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

3         Government officials may not be held liable for the actions of their subordinates under a

4   theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in

5   Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious

6   liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has

7   violated the Constitution through his own individual actions by linking each named defendant

8   with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

9   Id.

10   **III.     Allegations in the Complaint**

11         Plaintiff states that at all relevant times, he was located at an institution in Ione, CA.

12   (ECF No. 1 at 1.)  Plaintiff identifies three unnamed John Does as the sole defendants in this

13   action.  (Id. at 2.)  Two of these Does are dentists and one is an "R&R Staff" member.  (Id.)

14         The complaint alleges the following: two months prior to filing the complaint, plaintiff

15   was told he needed a teeth cleaning.  (Id. at 3.)  He was told by a dentist that he would receive a

16   call within two days for a further teeth cleaning.  (Id.)  He was also informed that he needed his

17   back two molars pulled as they had cavities.  (Id.)  Plaintiff has not been contacted in the two

18   months since his initial appointment.  (Id.)

19         Plaintiff also includes a seemingly unrelated claim regarding his inmate trust account.  (Id.

20   4.)  The exact factual allegations related to this claim are unclear.  Plaintiff's claim seems to

21   involve sending and paying for item returns as well as money taken from plaintiff's inmate trust

22   account without his consent.  (Id.)  However, beyond this, the court cannot determine what right

23   plaintiff believes was violated or the complete factual support for that claim.

24         Plaintiff seeks one million dollars ($1,000,000.00) in monetary damages.  (Id. at 6.)

25   **IV.     Unrelated Claims against Different Defendants Belong in Different Suits**

26         Plaintiff is advised that he may not bring unrelated claims against different defendants in a

27   single action.  Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir.

28   2011) (unrelated claims against different defendants belong in separate suits and complaints

violating that principle should be rejected).  While multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate suits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants).

Plaintiff may only bring a claim against multiple defendants so long as (1) the claim(s) arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact.  Fed. R. Civ. P. 20(a); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980).  As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way—that is, if there was not a "similarity in the factual background."  Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).  General allegations are not sufficient to constitute similarity when the specifics are different.  Id.  The fact that several of plaintiff's claims involve allegations of retaliation does not necessarily make claims related for purposes of Rule 18(a).  Id. at 1351.

In the present complaint, plaintiff appears to have brought two, entirely unrelated claims involving different defendants and unrelated factual backgrounds.  There is no common question of law and fact between plaintiff's claims.  Accordingly, the complaint will be dismissed.  However, as plaintiff may still be able to state a claim, plaintiff will be given leave to file an amended complaint.

If plaintiff elects to file an amended complaint he should assert only claims arising from common events and containing common questions of law.  See George, 507 F.3d at 607 ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to three the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.") (citing 28 U.S.C. § 1915(g)).  Alternatively, plaintiff may select a single defendant and bring as many claims as he has against that party.  See Fed. R. Civ. P. 18(a).

1    **V.     Doe Defendants**

2            The complaint names only three defendants, all of whom are unidentified and unnamed.

3    (ECF No. 1 at 2.)  The use of John Does in pleading practice is generally disfavored – but it is not

4    prohibited.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson,

5    177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal.

6    2008).  However, the court cannot serve a complaint with only Doe defendants.  Montgomery v.

7    Wong, 2:20-cv-1515 DB P, 2021 WL 1907161, at *4 (E.D. Cal. May 12, 2021).  Eventually,

8    plaintiff may be afforded an opportunity for limited, preliminary discovery to identify the names

9    of the John Does "unless it is clear that discovery would not uncover their identities," Gillespie,

10   629 F.2d at 642, and only after the court is satisfied he has exhausted every other possibility of

11   finding their names.

12           Since by this order plaintiff will be granted leave to file an amended complaint, he must

13   use the time given to amend to do everything he can to supply the names of the Doe defendants

14   without further assistance from the court.  He may seek extensions of time for the filing of an

15   amended complaint for that purpose if necessary.

16                                     **AMENDING THE COMPLAINT**

17           This court finds above that plaintiff has failed to allege sufficient facts to state a claim.

18   Plaintiff will be given leave to file an amended complaint.  If plaintiff chooses to file an amended

19   complaint, he must address the problems with his complaint that are explained above.  Any

20   amended complaint must be complete in itself.  The court cannot refer to a prior complaint to

21   understand the plaintiff's claims.

22           In an amended complaint, plaintiff must clearly identify each defendant and the action that

23   defendant took that violated plaintiff's constitutional rights.  The court is not required to review

24   exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If

25   plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging

26   allegations must be set forth in the amended complaint, so defendants have fair notice of the

27   claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support

28   ////

                                                        6

of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

////

**CONCLUSION**

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint (ECF No. 1) is dismissed with leave to amend as it fails to state a cognizable claim and improperly brings unrelated claims against different defendants in the same action.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated:  April 5, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/soli0247.scrn_lta

8