1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JESSE SOLIS,                                        No.  2:23-cv-00247 DB P

12                          Plaintiff,

13           v.                                          ORDER

14   NELSON, et al.,

15                          Defendants.

16

17           Plaintiff is an inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. §

18   1983.  Plaintiff claims he received inadequate dental care while incarcerated at Mule Creek State

19   Prison.  Presently before the court is plaintiff's first amended complaint for screening (ECF No.

20   10).  For the reasons set forth below, the court will dismiss the amended complaint and grant

21   plaintiff leave to file a second amended complaint.

22                                         **SCREENING**

23   **I.      Legal Standards**

24           The court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

26   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

27   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

28   ////

1

1    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

2    U.S.C. § 1915A(b)(1) & (2).

3         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th

5    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8    pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

9    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

10   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

11   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

12   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13        However, in order to survive dismissal for failure to state a claim, a complaint must

14   contain more than "a formulaic recitation of the elements of a cause of action"; it must contain

15   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

16   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

17   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

18   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

19   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

20        The Civil Rights Act under which this action was filed provides as follows:

21             Every person who, under color of [state law] . . . subjects, or causes
               to be subjected, any citizen of the United States . . . to the deprivation
22             of any rights, privileges, or immunities secured by the Constitution .
               . . shall be liable to the party injured in an action at law, suit in equity,
23             or other proper proceeding for redress.

24   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

25   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

26   Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

27   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

28   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

1   omits to perform an act which he is legally required to do that causes the deprivation of which

2   complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3   Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

4   their employees under a theory of respondeat superior and, therefore, when a named defendant

5   holds a supervisorial position, the causal link between him and the claimed constitutional

6   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

7   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

8   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

9   Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10      **II.      Allegations in the Amended Complaint**

11   Plaintiff initially brought this action on February 8, 2023,[1] but the court dismissed the

12   complaint with leave to amend because it failed to state a cognizable claim and improperly

13   brought unrelated claims against different defendants in the same action.  (ECF No. 7 at 8.)

14   Plaintiff filed an amended complaint on April 12, 2023.  (ECF No. 10.)  He has alleged the events

15   giving rise to the claim occurred while he was incarcerated at Mule Creek State Prison.  (ECF No.

16   10 at 1.)  He names the facility's dentist, Dr. Nelson, as the sole defendant and accuses Nelson of

17   violating his Eighth Amendment rights.

18   According to the amended complaint, defendant told plaintiff during a November 2022

19   dental appointment that he had two cavities that "need[ed] pulling" and that he would need to

20   return to finish cleaning the teeth on the left side of his mouth.  (Id. at 3.)  Plaintiff claims "it

21   never happen[ed]." (Id.)  He was later "called in" on March 27, 2023 and "all of a sudden" had

22   "[two] filling[s] that were never disclosed."  (Id.)

23   ////

24   ////

25   ////

26

27

28

---

[1] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 105, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

1    **III.    Does Plaintiff State a § 1983 Claim?**

2         **A. Legal Standards – Eighth Amendment**

3         Where a prisoner's Eighth Amendment claims arise in the context of medical care, the

4    prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate

5    indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  An Eighth

6    Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and

7    the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059

8    (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th

9    Cir. 1997) (en banc).

10        A serious medical need exists if the failure to treat the condition could result in further

11   significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091,

12   1096 (9th Cir. 2006).  To act with deliberate indifference, a prison official must both be aware of

13   facts from which the inference could be drawn that a substantial risk of serious harm exists, and

14   he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Thus, a

15   defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and

16   disregards that risk by failing to take reasonable measures to abate it." Id. at 847.  "It is enough

17   that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at

18   842.

19        Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S.

20   at 104–05.  To establish a claim of deliberate indifference arising from a delay in providing care,

21   a plaintiff must show that the delay was harmful.  See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th

22   Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.

23   1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  In

24   this regard, "[a] prisoner need not show his harm was substantial; however, such would provide

25   additional support for the inmate's claim that the defendant was deliberately indifferent to his

26   needs." Jett, 439 F.3d at 1096; see also McGuckin, 974 F.2d at 1060.  In addition, a physician

27   need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment

28   rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam).  A failure to

4

1    competently treat a serious medical condition, even if some treatment is prescribed, may

2    constitute deliberate indifference in a particular case.  Id.

3         **B.   Analysis**

4         Plaintiff alleges that defendant violated his Eighth Amendment rights by displaying

5    "deliberate indifference for medical needs and negligence" and failing to "disclose mandated

6    information" to him regarding the fillings.  (ECF No. 10 at 3.)  Plaintiff's pleadings do not

7    specify whether "medical needs" refers to an extraction of the teeth with cavities, the cleaning of

8    the teeth on the left side of his mouth, or both.  Similarly, he pleads "pain and suffering" as an

9    injury, but does not explain whether these teeth have caused him pain, bleeding, infection, or

10   other complications.  As such, he has not alleged that the cavities or teeth on the left side of his

11   mouth pose a substantial risk of serious harm.  He also does not allege that delaying the extraction

12   or cleaning has caused him harm.  See Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989)

13   ("[D]elay in providing a prisoner with dental treatment, standing alone, does not constitute an

14   eighth amendment violation.").  Accordingly, plaintiff has failed to plead a cognizable deliberate

15   indifference claim.

16        Additionally, plaintiff does not plead any facts to support the allegation that defendant

17   placed the fillings without his consent.  Plaintiff does not identify who called him in on March 27

18   or to which office or department he was called.  He does not specify whether he received the

19   fillings on March 27, or if someone told him on March 27 that he had two existing fillings for

20   which he does not recall providing consent.  Nor does he explain why he believes defendant made

21   the fillings.  This claim therefore also fails.

22        **IV.   Amending the Complaint**

23        As stated above, plaintiff's amended complaint fails to plead any cognizable claim. The

24   court will give plaintiff a final opportunity to plead a cognizable claim by granting him leave to

25   file a second amended complaint.

26        Plaintiff is advised that in an amended complaint he must clearly identify each defendant

27   and the action that defendant took that violated his constitutional rights.  The court is not required

28   to review exhibits to determine what plaintiff's charging allegations are as to each named

1    defendant.  The charging allegations must be set forth in the amended complaint, so defendants

2    have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every

3    detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of

4    each claim.  See Fed. R. Civ. P. 8(a).

5           Any amended complaint must show the federal court has jurisdiction, the action is brought

6    in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

7    contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

8    personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

9    Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

10   of a constitutional right if he does an act, participates in another's act or omits to perform an act

11   he is legally required to do that causes the alleged deprivation).

12          In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

13   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

14   R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

15   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

16          The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

17   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

18   heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

19   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

20   set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

21   N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

22   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

23          An amended complaint must be complete in itself without reference to any prior pleading.

24   E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.

25   Any amended complaint should contain all of the allegations related to his claim in this action.  If

26   plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended

27   complaint.

28   ////

6

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  The amended complaint (ECF No. 10) is dismissed with leave to amend as it fails to state a cognizable claim.

2.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

3.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated:  May 23, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:15
DB/DB Prisoner Inbox/Civil Rights/S/soli0247.scrn

7