1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JESSE SALVADOR SOLIS,                    No.  2:23-cv-00247 DB P

12                    Plaintiff,

13        v.                                  ORDER

14   UNKNOWN, et al.,

15                    Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims that defendants violated his due process rights by providing him

19   with in adequate dental care.  (ECF No. 14 at 5.)  Presently before the court is plaintiff's motion

20   to proceed in forma pauperis (ECF No. 15) and his second amended complaint (ECF No. 14) for

21   screening.  For the reasons set forth below, the court will deny the motion to proceed in forma

22   pauperis as Moot and that the complaint be dismissed with leave to amend.

23                          **IN FORMA PAUPERIS**

24        On April 5, 2023, the undersigned granted plaintiff's motion to procced in forma pauperis.

25   (ECF No. 7.)  Therefore, undersigned will deny plaintiff's additional motion to proceed in forma

26   pauperis (ECF No. 15) as moot.

27   ////

28   ////

                                        1

1          **SCREENING**

2     **I.          Legal Standards**

3          The court is required to screen complaints brought by prisoners seeking relief against a

4    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

5    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

6    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

8    U.S.C. § 1915A(b)(1) & (2).

9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14    pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

15    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

16    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

17    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

18    AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

19    (1957)).

20          However, in order to survive dismissal for failure to state a claim a complaint must

21    contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

22    factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

23    550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

24    allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

25    738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

26    doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

27    ////

28    ////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.      Allegations in the Second Amended Complaint

Plaintiff states that the events giving rise to the claim occurred while he was incarcerated at Mule Creek State Prison ("MCSP").  (ECF No. 14 at 1.)  In the Second Amended Complaint plaintiff has identified as the defendant, Nelson an individual "employed as dental" at MCSP.  (Id. at 3.)

Plaintiff alleges that Nelson never finished his cleaning.  (Id. at 5.)  Further, plaintiff asserts that the back two left and right molars were really bad and were never pulled.  (Id.) Plaintiff asserts "he discriminated me for 6 [months] [and] that's not a prompt nondiscriminating[sic] process."  (Id.)  Plaintiff asserts he was injured by Nelson as he was

////

1   belittled, had no respect, his gums are infected and sensitive, and there was wonton infliction of

2   pain and mental health problems.  (Id.)

3   **III.   Does Plaintiff State a Claim under § 1983?**

4   **A.   Medical Care**

5   **1.   Legal Standards**

6   The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

7   Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual

8   punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986);

9   Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

10  Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

11  and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited

12  by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

13  If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner

14  must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference

15  to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has

16  two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's

17  response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on

18  other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

19  A medical need is serious "if the failure to treat the prisoner's condition could result in

20  further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974

21  F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include

22  "the presence of a medical condition that significantly affects an individual's daily activities."  Id.

23  at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the

24  objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S.

25  825, 834 (1994).

26  If a prisoner establishes the existence of a serious medical need, he must then show that

27  prisoner officials responded to the serious medical need with deliberate indifference.  See Id. at

28  834.  In general, deliberate indifference may be shown when prison officials deny, delay, or

4

1   intentionally interfere with medical treatment, or may be shown by the way in which prison

2   officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir.

3   1988).

4        Before it can be said that a prisoner's civil rights have been abridged with regard to

5   medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

6   'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter

7   Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also

8   Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in

9   diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

10   Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of

11   mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for

12   the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

13        Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S.

14   at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a

15   plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th

16   Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059;

17   Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198,

18   200 (9th Cir. 1989); Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

19   1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would

20   provide additional support for the inmate's claim that the defendant was deliberately indifferent to

21   his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

22        Finally, mere differences of opinion between a prisoner and prison medical staff or

23   between medical professionals as to the proper course of treatment for a medical condition do not

24   give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330,

25   332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662

26   F.3d 1337, 1344 (9th Cir. 1981).

27   ////

28   ////

5

1

### 2.  Analysis

2          Plaintiff asserts in his complaint he did not receive adequate medical treatment.  (ECF No.

3    14 at 5.)  Specifically, plaintiff asserts defendant never finished cleaning plaintiff's teeth, and he

4    has two bad cavities that were not pulled.  (Id.)

5          To state a claim, plaintiff must allege facts showing: (1) in detail, what each defendant

6    did; (2) that the defendant's conduct was unreasonable; (3) plaintiff had a serious medical need;

7    and (4) plaintiff suffered harm.  See Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124-25 (9th Cir.

8    2018).

9          Plaintiff asserts that defendant failed to complete a cleaning or pull either cavity.  (ECF

10   No. 14 at 5.)  Plaintiff also asserts he was discriminated against for six months.  (Id.)  However, it

11   is unclear from the complaint what occurred after the six-month delay.  (Id.)  Such allegations

12   could support a cognizable denial of medical care claim under the Eighth Amendment.  However,

13   Plaintiff has failed to indicate that there was a serious medical need at the time he was interacting

14   with the defendant.  In the absence of such facts the undersigned finds that the amended

15   complaint fails to allege a potentially cognizable denial of medical care claim.

16                         **AMENDING THE COMPLAINT**

17         Plaintiff is advised that in an amended complaint he must clearly identify each defendant

18   and the action that defendant took that violated his constitutional rights.  The court is not required

19   to review exhibits to determine what plaintiff's charging allegations are as to each named

20   defendant.  The charging allegations must be set forth in the amended complaint, so defendants

21   have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every

22   detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of

23   each claim.  See Fed. R. Civ. P. 8(a).

24         Any amended complaint must show the federal court has jurisdiction, the action is brought

25   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

26   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

27   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

28   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

1    of a constitutional right if he does an act, participates in another's act or omits to perform an act

2    he is legally required to do that causes the alleged deprivation).

3        In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

4    R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

5    R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

6    occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

7        The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

8    1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

9    heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

10   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

11   set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

12   N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

13   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

14        An amended complaint must be complete in itself without reference to any prior pleading.

15   E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.

16   Any amended complaint should contain all of the allegations related to his claim in this action.  If

17   plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended

18   complaint.

19        By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

20   has evidentiary support for his allegations, and for violation of this rule the court may impose

21   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

22                           **CONCLUSION**

23       For the reasons set forth above, IT IS HEREBY ORDERED that:

24      1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 15) is denied as moot.

25      2.  Plaintiff's Second Amended Complaint (ECF No. 14) is dismissed with leave to

26          amend.

27      3.  Plaintiff is granted thirty days from the date of service of this order to file an amended

28          complaint that complies with the requirements of the Civil Rights Act, the Federal

1    Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint

2    must bear the docket number assigned to this case and must be labeled "Third

3    Amended Complaint."

4         4.   Failure to comply with this order will result in a recommendation that this action be

5    dismissed.

6  Dated:  April 16, 2024

7

8                                                   _____

9                                                   DEBORAH BARNES
                                                    UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14
   DB:16
15 DB/DB Prisoner Inbox/Civil Rights/S/soli247.scrn

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          8